```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
```

```
UNITED STATES OF AMERICA        *      Case No. 20-CR-415(ARR)
                                *
                                *      Brooklyn, New York
                                *      October 19, 2020
     v.                         *
                                *
MARAT SHADKHIN,                 *
                                *
          Defendant.            *
                                *
* * * * * * * * * * * * * * * *
```

                TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
                  BEFORE THE HONORABLE RAMON E. REYES, JR.
                     UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:              ANDREY SPEKTOR, ESQ.
                                 KEITH DANIEL EDELMAN, ESQ.
                                 Asst. United States Attorney
                                 United States Attorney's Office
                                 271 Cadman Plaza
                                 Brooklyn, NY 11201


For the Defendant:               YAN KATSNELSON, ESQ.
                                 The Law Office of Yan
                                 Katsnelson
                                 60 Bay Street, 7th Floor
                                 Staten Island, NY 10301


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1          (Proceedings commenced at 3:12 p.m.)

2          THE CLERK:  This is criminal cause for arraignment

3    on indictment, USA vs. Marat Shadkin, case no. 20-CR-415.

4          Can we have the parties state their names for the

5    record, starting with the government, please.

6          MR. EDELMAN:  Good afternoon, Your Honor.  Keith

7    Edelman and Andrey Spektor for the United States.

8          THE CLERK:  Thank you.

9          THE COURT:  Good afternoon.

10          THE CLERK:  Defense counsel.

11          MR. KATSNELSON:  Good afternoon, Your Honor.  Yan

12    Katsnelson on behalf of Marat Shadkin.

13          THE CLERK:  And can we have the defendant state his

14    full name for the record.

15          THE DEFENDANT:  Marat Shakin.

16          THE CLERK:  Thank you very much.  Okay, Judge.

17          THE COURT:  Good afternoon, Mr. Shadkin.  You can

18    see me and hear me, yes?

19          THE DEFENDANT:  Yes.

20          THE COURT:  As a defendant in a criminal case you

21    have the right to remain silent.  You do not have to make a

22    statement to anyone.  If you start to make a statement, you

23    can stop at any time.  If you've made statements in the past,

24    you are not required to make statements in the future.

25          Any statements that you do make can and will be

3

1      used against you in your case, except for statements that you

2      make to your lawyer.  Those are privileged.

3              Do you understand?

4              THE DEFENDANT:  Yes.

5              THE COURT:  You also have the right to be

6      represented by an attorney throughout your case.  And I

7      understand that you have retained Mr. Katsnelson to represent

8      you here.

9              If at some point in time you can no longer afford

10     to keep him as your attorney, you can ask the court to

11     appoint an attorney to represent you and if you're eligible

12     financially, the court will do that.

13             Do you understand?

14             THE DEFENDANT:  Yes.

15             THE COURT:  As you probably know you're here today,

16     or there today, I should say, because a grand jury has

17     returned an indictment against you and others charging you

18     with certain crimes.

19             You are mentioned in four counts in the indictment.

20     Count 1 is conspiracy to file export information, smuggle

21     electronic devices out of the United States and default the

22     United States.

23             Count 2 is illegal exportation of electronic

24     devices from the United States.

25             Count 7 is failure to file export information and

4

1     Count 9 is also failure to file export information.

2               Have you seen the indictment?

3               THE DEFENDANT:  No.

4               THE COURT:  Have you discussed the charges with Mr.

5     Katsnelson?

6               MR. KATSNELSON:   Yes, I've gone over the charges

7     with my client.

8               THE COURT:  Is that correct, Mr. Shadkin?

9               THE DEFENDANT:  Yes, I heard it, yes.

10              THE COURT:  Do you understand the charges?

11              THE DEFENDANT:  Yes.

12              THE COURT:  Do you want me to read the indictment

13    aloud, counselor?

14              MR. KATSNELSON:   No, Judge. I waive the reading

15    (indiscernible) the right to plead not guilty.

16              THE COURT:  We'll enter a not guilty plea for Mr.

17    Shadkin to Counts 1, 2, 7 and 9.

18              And this case has been set down with a conference

19    with Judge Ross on November the what, Mr. Edelman?

20              MR. EDELMAN:  November 18th at 11:00 a.m.

21              THE COURT:  18th at 11:00.  I'm writing it down

22    this time. I apologize for not remembering.

23              So your next court appearance will be in front of

24    Judge Ross, who is the district judge assigned to the case.

25    I'm not sure if we're going to do it by video, or by

5

1      telephone, or in person, but you'll get notice of that.  But

2      it's on November 18th at 11 o'clock.

3              And we have -- you have a right under the

4      Constitution and laws of the United States to a speedy trial.

5      The trial has to be commenced within 70 days of today.

6          But given the situation with COVID and the problems

7      attendant to convening jury trials in New York and elsewhere

8      in the country, the judges have been excluding time from that

9      70 day period fairly routinely because it's in the interest

10     of justice to do so, as well as yourself.

11             And I believe Judge Ross has already excluded from

12     today through November 18th from the speedy trial clock.

13             Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  And Mr. Edelman, the government has

16     agreed to -- consistent with Pretrial Services recommendation

17     to agree to release Mr. Shadkin on a $500,000 bond with the

18     signatures of two sureties. Is that correct?

19             MR. EDELMAN:  That's correct, Your Honor.

20             There are some additional terms with respect to

21     this defendant, including the posting of the family home and

22     home detention with location monitoring, which I believe is

23     also on consent.

24             MR. KATSNELSON:   That is correct, Judge.

25             THE COURT:  Okay.  And counselor, tell me who is

6

1    Eugene Patoshik (ph) and Marina Liskinskaya (ph).

2              MR. KATSNELSON:   So Maria, who's on the line, is

3    my client's common-law wife.  They've been together for I

4    believe over 15 years.  They have two children in common and

5    they live together.

6              Mr. Padoshic is my client's good friend and has

7    known him for a long time.  And he too is on the line, Judge.

8              THE COURT:  Ms. is on the deed to the East 66th

9    Street home?

10             MR. KATSNELSON:   Yes, Judge.

11             THE COURT:  And Mr. Shadkin and Ms. Liskinskaya

12   will file concessions of judgment on the home by October 26.

13             What does Mr. Patoshik do for a living?

14             MR. KATSNELSON:   Judge, if you could ask him that

15   question?  I forget the name of the business that he

16   operates.

17             THE COURT:  All right.  Why don't I talk to him.

18             MR. PATOSHIK:  Hi, Your Honor. I am on the phone.

19   I am an insurance broker.

20             THE COURT:  Okay.  Hold on just a second.

21             I have to ask you the questions and your answers

22   have to be made under oath.

23             MR. PATOSHIK:  Got you.

24        (Mr. Patoshik is sworn.)

25             THE COURT:  You're an insurance broker?

7

1              MR. PATOSHIK:  Yes.

2              THE COURT:  Approximately, how much do you make a

3     year?

4              MR. P PATOSHIK:  A salary of 200,000.  Recently

5     I've sold my business so I have more this year, but it's 200

6     in general.

7              THE COURT:  All right.  And how long have known Mr.

8     Shadkin?

9              MR. PATOSHIK:  I would say probably around eight

10    years.

11             THE COURT:  And do you understand what it means to

12    sign a bond?

13             MR. PATOSHIK:  Yes, I had a call earlier and it was

14    explained.

15             THE COURT:  Okay.  So this is a very substantial

16    bond of a half a million dollars.  And should Mr. Shadkin

17    violate the terms of his release that I will read into the

18    record in a moment, you would be subject to paying the

19    government $500,000.

20             Do you understand that?

21             MR. PATOSHIK:  I do.

22             THE COURT:  And ordinarily we would be in court and

23    you would sign the bond in my presence but we can't do that

24    because you're on the phone, I'm here where I am and Mr.

25    Shadkin is where he is.  So would you agree and give me

8

1      permission to sign the bond for you?

2                    MR. PATOSHIK:  Yes.

3                    THE COURT:  And you live at 296 National Drive in

4      Brooklyn?

5                    MR. PATOSHIK:  That's correct.

6                    THE COURT:  All right.  Okay.  I will sign the

7      bond.

8                    Is Ms. Liskinskaya on the line?

9                    MS. LISKINSKAYA:  Hi, yes, I am.

10                    THE COURT:  Okay. I'm going to ask you some

11     questions.

12          (Ms. Liskinskaya is sworn.)

13                    THE COURT:  Basically it's the same questions for

14     Mr. Pedoshik and a couple of others.  You understand what it

15     means to sign a bond.

16                    MS. LISKINSKAYA:   Yes, sir, yes.

17                    THE COURT:  Are you working?

18                    MS. LISKINSKAYA:  Yes.

19                    THE COURT:  What do you do for a living?

20                    MS. LISKINSKAYA:  Well, right now I'm an assistant

21     for a development company, but I have a degree.  I'm a

22     special education teacher and a general education teacher,

23     but I'm currently not working in that field.

24                    THE COURT:  And what's your approximate income

25     right now?

9

1          MS. LISKINSKAYA:  It's about 71,000.

2          THE COURT:  Okay.  How much equity do you have in

3     the home?

4          MS. LISKINSKAYA:  What do you mean, sir?

5          THE COURT:  Meaning how much is the home -- I

6     assume you have a mortgage, yes.

7          MS. LISKINSKAYA:  Yes.

8          THE COURT:  All right.  How much is the house worth

9     about what the amount of the mortgage is?

10          MS. LISKINSKAYA:  We've recently had an appraisal

11     through a broker because we were in the middle of a refinance

12     and it was appraised -- well, it was estimated for 1.3

13     million.

14          THE COURT:  How much is the amount of the mortgage?

15     Not what you paid but like --

16          MS. LISKINSKAYA:  What I owe?

17          THE COURT:  (indiscernible) from the bank?

18          MS. LISKINSKAYA:  The balance to the bank of what

19     we owe is around $525,000.

20          THE COURT:  So you've got 7, $800,000 in equity in

21     the house?

22          MS. LISKINSKAYA:  Yes, sir.  Yes.

23          THE COURT:  All right.  And you understand that if

24     your husband violates his release, the first thing -- perhaps

25     the first thing the government will do is go after the house.

10

1           MS. LISKINSKAYA:    Yes.  Yes, sir.

2           THE COURT:  Okay.  And you have to file a

3    confession of judgment by October 26th.

4           MS. LISKINSKAYA:  Yes.

5           THE COURT:  You just signed a piece of paper that

6    says you're confessing judgment for that amount and the

7    government will have that and can file it if it needs to.

8           MS. LISKINSKAYA:  Yes, sir.

9           THE COURT:  Okay.  Mr. Shadkin, you obviously have

10   been listening. I see you've been looking at me as I've been

11   talking with your wife and Mr. Patoshik.

12           You're going to sign this bond as well. Oh, I'm

13   sorry. I have to ask your wife one more question.

14           Ms. Liskinskaya, do you give permission to sign the

15   bond for you?

16           MS. LISKINSKAYA:  Yes.

17           THE COURT:  Okay.  Great.

18           I'm going to read all of the terms of your bond

19   into the record. You will actually get a copy of the bond,

20   Mr. Shadkin, so you will see exactly what your obligations

21   are, the things that you cannot do, the things that you must

22   do as well.

23           So we're going to release you on a $500,000 bond.

24   Your travel will be restricted to New York City and Long

25   Island.  You cannot have contact with any witnesses or

11

1    potential witnesses and you cannot have contact with any co-

2    defendants or co-conspirators unless your lawyer is present.

3             You must surrender any passports that you have by

4    October 21st and not apply for any passports or international

5    travel documents.

6             You will be placed under Pretrial Services'

7    supervision, subject to random visits to your home and you

8    must report to Pretrial as they direct.

9             You must undergo testing, evaluation and treatment

10   for substance abuse, including alcoholism, as directed by

11   Pretrial Services, and you will be on home detention with

12   electronic monitoring. You will not be able to leave the home

13   except for attorney's visits, court appearances or medical

14   treatment.

15            Do you understand that?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Additional warnings and question.

18            You're going to have to come to court in whatever

19   format, whether it's video, telephone or in person, on

20   November 18th at 11 o'clock.  And subsequently, as the case

21   progresses, there will be other court dates.

22            If you fail to come to court when you're supposed

23   to, that is actually a violation of the bond and you will be

24   subject to being detained on these charges until your trial,

25   plus face the charge of bail jumping.

12

1          And if you're convicted of the underlying charges

2     and bail jumping, your sentences could be served

3     consecutively.  That means one after the other.

4          So you absolutely -- you have to comply with all

5     the terms of your release, but one of the most important

6     things is coming to court when you're supposed to.

7          THE DEFENDANT:  I will.

8          THE COURT:  (Indiscernible) when you're released.

9     That's a violation of the bond.  Do you would be detained on

10    these charges, plus face charges for any crimes that you may

11    commit.

12         And if you attempt to influence the testimony of

13    any witness that may appear against you, that again is a

14    violation of the bond itself.

15         THE DEFENDANT:  Okay.

16         THE COURT:  And you could face the charge of

17    witness tampering, and just like with bail jumping, if you're

18    convicted of the underlying charges and witness tampering,

19    your sentences could be served consecutively.

20         So don't talk to any witnesses.  Don't talk to your

21    co-defendants or co-conspirators unless your lawyer is

22    present.  That's the last thing you want to do.  All right?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Can I sign this bond for you?

25         THE DEFENDANT:  Yes.

13

1          THE COURT:  Okay. I have signed the bond for Ms.

2    Liskinskaya and Mr. Patoshik.  I believe we can adjourn.

3          MR. EDELMAN:  Thank you, Your Honor.

4          THE COURT:  Mr. Katsnelson, is there anything you

5    want to talk about?

6          MR. EDELMAN:  No, Judge.  That's it.

7          THE COURT:  All right.  Thank you, everyone.

8      I, CHRISTINE FIORE, court-approved transcriber and

9    certified electronic reporter and transcriber, certify that

10    the foregoing is a correct transcript from the official

11    electronic sound recording of the proceedings in the above-

12    entitled matter.

13

14    *Christine Fiore*

15    _____          February 4, 2021

16       Christine Fiore, CERT

17          Transcriber

18

19

20

21

22

23

24